[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12709
Non-Argument Calendar
_____

Agency No. A208-310-896

MD JHILLUR RAHMAN,
a.k.a. Jhillur Rahman,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(May 9, 2019)

Before NEWSOM, BRANCH and BLACK, Circuit Judges.

PER CURIAM:

Jhillur Rahman seeks review of the Board of Immigration Appeals' (BIA's) decision affirming the order of the Immigration Judge (IJ) denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT)[1] based on an adverse credibility finding.  Rahman argues the BIA erred in affirming the IJ's adverse credibility finding because the discrepancies the IJ cited were either not significant or not actual discrepancies, and both the IJ and BIA ignored important supporting documents that substantiated his claims.  After review,[2] we deny Rahman's petition.

We review the BIA's factual determinations, including credibility determinations, under the substantial evidence test.  *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1254-55 (11th Cir. 2006).  Under the substantial evidence test, we review the record evidence in the light most favorable to the BIA's decision and draw all reasonable inferences in favor of that decision.  *Id.* at 1255.  We "must affirm the . . . decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole," and we do not substitute our own

---

[1] Because Rahman failed to raise an argument regarding the denial of his CAT claim before the BIA, he has not exhausted his administrative remedies and we lack jurisdiction to review the denial of his CAT claim.  *See* 8 U.S.C. § 1252(d)(1); *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006).

[2]  We review the BIA's decision only, except to the extent that it expressly adopts the IJ's opinion or IJ's reasoning.  *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001).

judgment for that of the BIA with respect to credibility findings.  *Id.* at 1254-55.

The BIA may base a credibility determination on the following:

> . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record (including the reports of the Department of State on country conditions), and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor.

8 U.S.C. § 1158(b)(1)(B)(iii).

"[A]n adverse credibility determination alone may be sufficient to support the denial of an asylum application."  *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1287 (11th Cir. 2005).  However, an adverse credibility finding "does not alleviate the IJ's duty to consider other evidence produced by an asylum applicant," and the IJ may not "rely solely on an adverse credibility determination" where the applicant produced "other evidence of persecution."  *Id.*

The record does not compel reversal of the BIA's findings.  *See id.* (stating we will only reverse a credibility determination when the record compels reversal). The BIA made its adverse credibility finding using "specific, cogent reasons" from evidence in the record, not based "solely on speculation and conjecture," or "on personal perception or whim."  *See Xiu Ying Wu v. U.S. Att'y Gen.*, 712 F.3d 486, 494 (11th Cir. 2013) (explaining where the IJ makes a determination based "solely

3

on speculation and conjecture," or "on personal perception or whim," it is enough to compel this Court to reverse an adverse credibility determination); *Forgue*, 401 F.3d at 1287 (providing when an adverse credibility finding is made, "the burden is on the applicant alien to show that the IJ's credibility decision was not supported by specific, cogent reasons or was not based on substantial evidence"). The BIA clearly articulated the five discrepancies it found using specific examples from Rahman's statement compared to his testimony.  *See Ruiz*, 440 F.3d at 1254-55. These inconsistencies and omissions noted by the BIA are supported by the record, and even while Rahman provided tenable explanations for such discrepancies and a contrary conclusion could be made, such is not enough to compel this Court to overturn the BIA's decision.  *See Chen v. U.S. Att'y Gen.*, 463 F.3d 1228, 1233 (11th Cir. 2006) (holding "while [the petitioner's] explanations of the implausible aspects of his claim are tenable, we cannot say, especially given the relative lack of corroborating evidence, that these explanations would compel a reasonable fact finder to reverse the IJ's credibility determination"); 8 U.S.C. § 1158(b)(1)(B)(iii).

Next, Rahman's additional supplementary evidence failed to corroborate his claims on its own.  The evidence Rahman submitted to corroborate his specific claims giving rise to his asylum application—his brother's and uncle's affidavits and the Liberal Democratic Party (LDP) certificates—contained inconsistencies and omissions supporting the BIA's adverse credibility finding.  The Country

4

Reports failed to specifically state the LDP suffered from Bangladesh Awami League (BAL) oppression. While Rahman's medical reports corroborate the dates of his hospital visits, neither report states how Rahman was injured or why.

Rahman argues on appeal the BIA failed to consider the news articles he submitted that stated he was attacked for being part of the LDP, and thus, the BIA "cherry-picked omissions which were minor and for which [he] had plausible explanations." The BIA did not "rely solely on an adverse credibility determination," but rather, it looked to the totality of Rahman's additional evidence. *See Forgue*, 401 F.3d at 1287. However, the BIA need not "address specifically each claim the petitioner made or each piece of evidence the petitioner presented, but [it] must consider the issues raised and announce [its] decision in terms sufficient to enable a reviewing court to perceive that [it has] heard and thought and not merely reacted." *See Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 948 (11th Cir. 2010) (stating the BIA need not "address specifically each claim the petitioner made or each piece of evidence the petitioner presented, but [it] must consider the issues raised and announce [its] decision in terms sufficient to enable a reviewing court to perceive that [it has] heard and thought and not merely reacted" (quotations omitted)). Thus, while the BIA did not comment on the news reports Rahman submitted, which did tend to support his claims, the BIA clearly detailed the inconsistencies and omissions it found through the entirety of

5

Rahman's statement, testimony, and supporting evidence such that review of its decision sufficiently demonstrates that it heard and gave thought to Rahman's claims. *Id.* The BIA did not find inconsistencies that were not supported by the record, which coupled with selective inclusion of supplemental evidence, could be grounds for vacating its finding. *See Tang v. U.S. Att'y Gen.*, 578 F.3d 1270, 1280-81 (11th Cir. 2009) (vacating an adverse credibility finding when the IJ found inconsistencies that were not truly inconsistent, coupled with only selectively including supplemental evidence). Nor did the news reports constitute such overwhelming import that remand is necessary in the face of the BIA's specific, cogent reasoning. *See Kazamzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1355 (11th Cir. 2009) (holding "a remand is necessary when the record suggests that the Board failed to consider important evidence in th[e] record").

Accordingly, reversal of the BIA's findings is not compelled and we deny Rahman's petition.

**PETITION DENIED.**

6